We move to the fourth case this morning, United States v. Zamora We'll wait for Judge Hamilton to get back in the picture here. Sorry. Thank you. We'll proceed now with Mr. Henderson. Thank you, Your Honor, and may it please the Court. I'm Peter Henderson. I represent Felipe Zamora in this case. This case, I think, is primarily about the text of the guidelines and its commentary, which are authoritative. The guideline itself refers to any public official in a high-level decision-making or sensitive position. And that language by itself might be ambiguous, and we might have a nice debate about what sensitive means. But the Sentencing Commission defines and interprets the term more narrowly than the broad definitions that, say, the Fourth Circuit or the District Court gave to that term. Commentary note 4A talks about decision-making ability or substantial influence on the decision-making process. We describe in our brief, we use the word discretion maybe more than decision-making, and I think that's slightly inaccurate. It really is about can a public official make decisions or have a substantial influence on the decision-making process of the agency? So what we have here is we have a low-level employee who doesn't have that ability. The employee obviously makes decisions every day about how to carry out his job, but he's not making those decisions on behalf of the Bureau of Prisons. He is, you know, the decision to follow the duties of… He's making decisions not to do things on behalf of the Bureau of Prisons. Precisely, and that's why he's not in a sensitive position. He has no influence on what the Bureau of Prisons decides to do. He certainly doesn't have a substantial influence. If he's going to be bribed and the bribe is going to be worth anything, it's for him not to follow the rules. It's for him not to influence. What if he left a cell door open? I'm sorry, I missed that. What if he left a cell door open? Right, exactly. That's not permitted by the Bureau of Prisons. That's not an official act. I mean, that's just contrary to law. In other words, he doesn't have the ability to make the decision as to whether somebody should go free or not. What about the commentary saying that a law enforcement officer qualifies? Why doesn't that bring a prison guard within the ambit? Well, that's the government's best argument. And the reason why is because that's an example of what the definition is trying to achieve. And so what we have to look to first is whether we've satisfied the definition. So, for example, if I were to give you – here are some examples of cities that meet a definition. Bloomington, Indiana, West Lafayette, Indiana, Champaign, Illinois. The question is, is Ann Arbor a similarly situated city? And we don't know. The definition might say cities that have a Big Ten university in it, in which case it would fit the definition. It is similarly situated. The definition might say Big Ten towns within the Seventh Circuit, in which case it would not be similarly situated to those cities. So the example of law enforcement officer, we have to look to whether correctional officers are similarly situated in the way that the definition talks about. And law enforcement officers have much greater ability to make decisions on behalf of the government. So the typical example is a law enforcement officer pulls somebody over. They have a lot of discretion, a lot of decision-making ability to determine, do I give this person a warning? Do I write them a citation? Do I arrest them? There's a great deal of decision-making ability there. And it really gets to what the Sentencing Commission is saying in its background commentary, that this provision really only applies to official acts. The language is, if the payment was for the purpose of influencing an official act. We think that makes sense. Can an official act be negative? You know, Judge Kenney was asking about looking the other way or leaving the cell door open. I mean, is it an official act not to report? I mean, you make a big deal about facilitating the offense. But isn't he exercising his discretion not to intervene? But that's illegal. I mean, he's not permitted to make that decision. So the term official act, you know, the Supreme Court narrowly construed it in McDonald. I understand that. But what if in the law enforcement context, I bribe an officer and say, don't pull me over? You know, you use that as an example of discretion. Does that count? And then he lets me speed and he doesn't pull me over. I think that would because so many people speed that the decision on whether to pull somebody over is a decision that's entrusted to a law enforcement officer. It's how do we enforce the law? He's acting perfectly compliant with the law to say, I'm not going to pull that person over. Now, if somebody gave him a bribe to do so, then the reason that's unlawful is because of the bribe. It's not because he let somebody speed because police officers let people speed all the time. The question is whether the decision to stop somebody is a decision that's entrusted to that officer. So, leaving a cell door open or leaving the gates to the prison open, that is not a decision that's entrusted to the officer. There are policies, you know, the record such as it is in this case indicates he couldn't let people stay out after lights out. He couldn't let people go to the library without getting, you know, some sort of supervisory permission. Can he write up citations? I'm sorry? Can he write up citations for disciplinary infractions? I believe he can. That may be the case. And can he choose whether to report some prisoners and not others, just like a police officer can choose to pull some people over and not others? I think that it hasn't come up in the briefs, and so I don't have the particular regulations at hand. My impression is that his ability to do that is more tightly circumscribed than the type of authority that's given to a police officer on the street. I think probably what would happen is if it were determined that somebody had committed a disciplinary infraction and the correctional officer had not written them up, the correctional officer would be in trouble. They themselves would face sanctions, whereas a police officer who sees somebody speeding lets them go because they're a bigger fish to fry or whatever reason. Nobody's going to look a glance at that. To what extent does your argument depend on the empirical claim that official act bribery, as you describe it, is harder to detect than other kinds of bribery? I don't think it depends at all on that empirical claim. I think it explains why the Sentencing Commission wrote what it did. But what the Sentencing Commission said was, I mean, quite literally, if the payment was for an official act, then Section 2C1.1b3 applies. And we know that the Sentencing Commission considered the different types of bribery because in the commentary, you see this was to facilitate a crime. You might need to apply the cross-reference. If it's to influence an official act, this section might apply. So it's not a drafting error. It's something that the Sentencing Commission said. But it does make sense. I mean, it's much harder to detect bribery when the action is authorized by law, if it weren't corrupt, if it weren't motivated by an improper motive. And so it makes sense to increase the offense level for increased deterrence. If it's harder to detect, we need to deter it. But I think this is a textual argument. It's just what do the guidelines say and how are they interpreted in the commentary? My contention would just be it makes sense what the Sentencing Commission wrote. So with that, I'll save my remaining minute for rebuttal. Thank you, Ms. Patterson. Ms. Gastic? Good morning, and may it please the Court. Andriana Kostanek on behalf of the United States. The district court here correctly applied a four-level enhancement under Guideline 2C1.1b3 because the defendant's offense involved a public official in a sensitive position. Application Note 4 to the guideline defines an individual in a sensitive position as someone who has authority to make decisions on behalf of a government agency, and it gives an example of a law enforcement officer. The Supreme Court has held that a federal corrections officer, someone who is employed by the Federal Bureau of Prisons, is in fact a law enforcement officer for purposes of the Federal Tort Claims Act. This court has also treated correctional officers as law enforcement officers for Title III purposes. That makes sense. They have the authority to make decisions on behalf of the Bureau of Prisons. For example, under 18 U.S.C. 3050, it outlines the numerous scenarios under which a correctional officer employed by the BOP can make arrests on behalf of the BOP. It lists statutes that they can effectuate and make warrantless arrests for in the exercise of their discretion. As some of you noted in questions to Mr. Henderson, a correctional officer also has discretion in the way that he exercises his authority in the conduct of a prison to ensure the safety and security of the community. They can investigate offenses. They can issue citations. They can initiate disciplinary proceedings. They can take a watch. Would we be creating a circuit split if we adopted the defendant's position here? Certainly, Your Honor. By my research, every other circuit who has addressed this issue has held that a federal correctional officer is in fact in this sensitive position. The Fourth Circuit's opinion in Dodd contains, I think, the most thorough analysis, and it makes sense. Law enforcement officers and correctional officers alike under the guideline share that sensitive position insofar as they control the safety and security of a prison environment. The Sentencing Commission made a determination under the guidelines to treat that as a more serious breach of trust in the context of a bribery offense. I don't think that it's true that the detection of bribery offenses is what motivates this particular enhancement. It's the violation of the public trust and the fact that, you know, if you have a crime that's committed by a prison guard or a police officer, it's more serious than the same crime when it's committed by somebody who's a low-level administrative personnel employed by the same company. And the guidelines reflect that. Maybe you can help me. I'm having a little trouble with my imagination. But in what bribery cases does this four-level enhancement not apply? So if you have a public official, somebody who is employed by, let's say, the Bureau of Prisons, but as the defendant notes, is a janitor, I don't think that that's a sensitive position to which the guideline would apply. Or somebody who works at a front desk at a police department, that's not a sensitive position. Do we see such cases? I am not aware off the top of my head of a case in which our office, at least, has prosecuted individuals who are in those positions. But it certainly, I think, would be covered by, for example, 201. And there wouldn't be a sensitive position involved in those cases. I mean, you are correct insofar as most of, at least, our prosecutions involve individuals in sensitive positions. You know, that's an effect of, you know, the decision-making as to the allocation of resources for prosecutions. But it doesn't make the enhancement any less proper in those circumstances. If there are no further questions from the panel, the government would ask that the court affirm the district court's judgment and the defendant's sentence. Thank you, Ms. Kastner. Mr. Henderson? I guess two main things to focus on. Just to return to the government's essential argument is, look at the examples. Law enforcement officer sounds a lot like corrections officer. And that skips a step. We have to deal with the definition. The government talks about, well, they're in a sensitive position because of the safety and security of prisons. But that's not the definition of what a sensitive position is. A sensitive position is a position characterized by either direct authority or substantial influence on the decision-making process. Not are they in a place where they have to regulate safety and security. So we have to start with the definition and then look at the examples rather than the other way around. Isn't the decision-making process put the prisoner in prison and not to be let out? Exactly. So a judge would be in a sensitive position. Your client could leave the cell door open. That would be a situation with the influence. Yes, but that decision is not authorized by law. So I'll just take one minute. A judge can say, under the 3553A factors, I'm giving you seven years. When if he hadn't gotten a bribe from the prosecutor, he would have given him five. That decision is going to be unreviewable. The judge has authority to order a seven-year sentence. It's authorized by the law. A prison guard does not... Mr. Henderson, your time has expired. Okay, thank you. I'll rest. Thank you. Thank you very much. Thanks to both counsel and the cases taken under advisement.